**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

IN RE:

      MICHAEL WARREN REED,

                  Debtor.

                              CASE NO: 13-50202-KKS
                                  CHAPTER 7

_____

MYRA REED,

                Plaintiff,

v.                                    Adv. Proc. No.: 13-05011-KKS

MICHAEL WARREN REED,

                Defendant.

_____

**CREDITOR MYRA REED'S REPLY AND SUPPLEMENTAL**
**MEMORANDUM OF LAW REGARDING HER MOTION FOR SUMMARY**
**JUDGMENT (DOC. 10) AND DEBTOR'S AMENDED RESPONSE (DOC. 19)**

      COMES NOW the Plaintiff Creditor MYRA REED [hereinafter "Myra Reed"], by and

through her undersigned attorneys, and, pursuant to the Bankruptcy Rules of Civil Procedure and

other applicable Bankruptcy Rules, respectfully supplements her previous Memorandum of Law

(Doc. 10) to respond to Debtor's Amended Response (Doc. 19), as follows:

      **I - Supplemental Memorandum Regarding Myra Reed's Supplemental Final Judgment**

      1.  In Debtor's Amended Response (Doc. 19) to Myra Reed's Motion for Summary

Judgment, it is asserted by Debtor that the fact that Myra Reed converted her property settlement

equalizer obligation owed by Debtor into a Supplemental Final Judgment [hereinafter the

"Judgment"] somehow converts said debt from being nondischargeable under Section 523(a)(15)

to being dischargeable.  See Doc. 19.

2.  As grounds for said stunning proposition, Debtor cites to a Florida Supreme Court decision in which the said state court resolved an appellate district conflict and held that if a divorced spouse wished to oppose the other ex-spouse's claim of exemption from wage garnishment, the opposing ex-spouse had to file a controverting affidavit if her support obligation had been reduced to a judgment.  *Sokolsky v. Kuhn*, 405 So.2d 975 (Fla. 1981).

3.  *Sokolsky* dealt with the interplay of Florida Statutes Sections 61.12 (dealing with dissolution of marriage and garnishment for support payments due) and 222.11 and 222.12 (dealing with wage garnishment), and the case had absolutely nothing to do with Section 523(a)(15) or anything else relating to bankruptcy.  *Id.*

4.  However, Debtor takes the untenable position that because a judgment in Florida receives different treatment than a dissolution of marriage order, for purposes of battles over exemptions to wage garnishments in divorce cases, somehow Myra Reed's Judgment (which undisputedly arose out of her settlement agreement and divorce decree) no longer falls within the nondischargeability provisions of Section 523(a)(15).  See Doc. 19.

5.  Bankruptcy law, however, would tend to disagree.  See, for example, *In re Schweitzer*, 370 B.R. 145 (Bankr. S.D. Ohio 2007), *In re Golio*, 393 B.R. 56 (Bankr. E.D.N.Y. 2008), *In re Blackburn*, 412 B.R. 710 (Bankr. W.D. Pa. 2009), and *In re Inman*, 2012 WL 2374419 (Bankr. S.D. Fla. 2012).

6.  In *Golio*, the debtor ex-husband attempted to avoid his obligations to the non-debtor ex-wife, *which obligations had been reduced to judgments*,  but the court found that the debtor's judgment owed to the non-debtor ex-wife's attorneys for attorney's fees was still, pursuant to both Sections 523(a)(5) and 523(a)(15), a nondischargeable debt.  *Golio* at 63.

2

7.   Further, the *Golio* court held, "It is a 'well-established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form.' (citation omitted)." *Id.*

8.   The *Golio* court held that the judgments at issue in that case were "...clearly incurred in connection with the parties' divorce..." and were, therefore, nondischargeable under Section 523(a)(15).  *Id.*

9.   Likewise, in the instant case, substance must prevail over form and Myra Reed's Judgment clearly was incurred in connection with the parties' divorce and is nondischargeable.

10.   The *Golio* case is also instructive as to why Myra Reed is also entitled to an award of her attorney's fees incurred in the instant adversary proceeding.  *Id.*

11.   In the *Inman* case, the debtor ex-husband, among other things, owed the non-debtor ex-wife an obligation, pursuant to a Final Judgment of Dissolution of Marriage, which was characterized as being in the nature of alimony.  *Inman*.

12.   The *Inman* debtor ex-husband contended that the non-debtor ex-wife's claim was not a "debt" of the kind that would be discharged under either Section 523(a)(5) (support obligations) or 523(a)(15) (other divorce related obligations).  *Id.* at 15.

13.   The *Inman* court noted,

A debt is defined as 'liability on a claim' 11 U.S.C. Section 101(12).  A claim is a 'right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...' 11 U.S.C. Section 101(5).  *Id.* at 16.

14.   In the instant case, plainly Debtor owes Myra Reed a debt pursuant to her unsatisfied Judgment, and equally plainly the debt is directly related to the parties' divorce proceedings, such that the fact that the debt has been reduced to judgment is irrelevant.

15.  In *Inman*, much effort was put into confirming the fact that the alimony at issue really was alimony, subject to Section 523(a)(5) as a nondischargeable support obligation, but the court also noted that the obligation would also be nondischargeable under Section 523(a)(15) even if the obligation was not in the nature of support.  *Id.* at 17.

16.  The *Inman* court noted that three factors were required to except a debt from discharge under Section 523(a)(15): (1) the debt is owed to a spouse, former spouse, or child of the debtor, (2) the debt is not a support obligation, and (3) the debt "...was incurred during the course *or in connection with* a separation agreement, divorce decree or other order of a court of record.  (emphasis added) (citation omitted)."  *Id.*

17.  Applying the factors to the instant case, Myra Reed's Judgment is to a former spouse, is not a support obligation, and the Judgment was directly connected to the parties' separation agreement (which set forth the obligation) which was approved and adopted in the divorce decree, and, therefore, the Judgment is nondischargeable under Section 523(a)(15).

## II - Dischargeability Pursuant to Section 523(a)(15)

18.  Debtor also notes that the Judgment and the obligation related to the Annabella's deficiency contribution claim would be dischargeable if Debtor were in a Chapter 13, but said argument need not be addressed to the extent that Debtor cannot qualify as a Chapter 13 debtor. See Section 109(e) and Debtor's Schedules.

WHEREFORE Myra Reed respectfully prays that the Court enter final summary judgment in her favor and against Debtor, determine that the debts owed to Myra Reed by Debtor as identified herein are non-dischargeable pursuant to the provisions of Section 523(a)(5) and (15) of the Bankruptcy Code; that Myra Reed have judgment against Debtor for the total amounts due Myra Reed under applicable non-bankruptcy law, including pre-judgment interest, costs, and

4

reasonable attorney's fees (pursuant to the enforcement of the parties' divorce decree provisions),

and for such other relief as the Court deems just and proper.

DATED this ___23rd_____ day of October, 2013.

**BURKE BLUE**
**HUTCHISON WALTERS & SMITH, P.A.**
Attorneys for Myra Reed

/s/ DOUGLAS L. SMITH_____
DOUGLAS L. SMITH, ESQ.
Florida Bar No. 0816140
221 McKenzie Avenue
Post Office Box 70
Panama City, Florida  32402
(850) 769-1414
Fax (850) 784-0857
E-Mail:  dsmith@burkeblue.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been delivered via electronic mail or regular U.S. Mail to the following addressees through the ECF System:

Thomas B Woodward, Esq.
Po Box 10058
Tallahassee, Fl 32301
Attorney for Michael W. Reed

United States Trustee
110 E. Park Avenue, Suite 128
Tallahassee, Fl 32301

Ronald A.Mowrey, Esq.
Mark L. Mason, Esq.
515 North Adams Street
Tallahassee, FL 32301

Theresa M. Bender, Esq.
Chapter 7 Trustee
P.O. Box 14557
Tallahassee, FL 32317

on the  23rd____ day of October, 2013.

**BURKE BLUE**
**HUTCHISON WALTERS & SMITH, P.A.**
Attorneys for Myra Reed

/s/ DOUGLAS L. SMITH_____
DOUGLAS L. SMITH, ESQ.
Florida Bar No. 0816140
221 McKenzie Avenue
Post Office Box 70
Panama City, Florida  32402
(850) 769-1414
Fax (850) 784-0857
E-Mail: dsmith@burkeblue.com

DLS:10/22/13
F:\WPF\DLS\28746 Reed-Objection-Discharge-MSJ-Supp-Memo-Mem.wpd